IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:13-CV-28-D

BARBARA JEAN DEMERY, )
 )
    Plaintiff, )
 )
    v. ) **MEMORANDUM &**
 ) **RECOMMENDATION**
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
 )
    Defendant. )

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Barbara Jean Demery ("Plaintiff") filed this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) seeking judicial review of the denial of her applications for a period of disability, disability insurance benefits and supplemental security income ("SSI"). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings [DE-23] be denied, Defendant's Motion for Judgment on the Pleadings [DE-25] be granted, and the agency's final decision be upheld.

**STATEMENT OF THE CASE**

Plaintiff protectively filed an application for a period of disability, disability insurance benefits and supplemental security income on March 9, 2010. (Tr. 33.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (*Id.*) On August 4, 2011, a hearing was held before Administrative Law Judge Juan Marrero ("ALJ"), who issued

an unfavorable ruling on August 18, 2011. (*Id.*) Plaintiff's request for review by the Appeals Council was denied February 26, 2013, making the ALJ's decision the final decision of the Commissioner. (Tr. 2.) Plaintiff now seeks judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "'In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'" *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

2

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of her past work; and, if not, (5) based on the claimant's age, work experience and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 74 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*.

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. At step one, the ALJ found Plaintiff has not engaged in substantial gainful employment since January 20, 2010, the date of alleged disability.[1] (Tr. 35.) Next, the ALJ determined Plaintiff has the following severe impairment: degenerative disc disease with peripheral neuropathy and lumbar radiculopathy. (*Id*.) However, at step three, the ALJ concluded Plaintiff's impairment was not severe enough to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 37.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), and found that Plaintiff has the ability to perform light work provided that she is limited

---

[1] Plaintiff initially alleged disability beginning March 7, 2007, but later amended her alleged onset date to January 20, 2010. (Tr. 49-50.)

to only frequent and not constant use of her hands for fingering and handling. (Tr. 37.) In making this assessment, the ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms not fully credible. (Tr. 40.) At step four, the ALJ concluded Plaintiff had the RFC to perform the requirements of her past relevant work as a church custodian. (Tr. 40-41.) The ALJ alternatively found, at step five, upon considering Plaintiff's age, education, work experience, and RFC, that Plaintiff is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (Tr. 41.)

## IV. Plaintiff's Argument

Plaintiff's sole contention is that the ALJ erred in finding that Plaintiff is capable of performing the exertional demands of light work given the unrebutted evidence that Plaintiff uses a cane. Light work requires the ability to stand and walk for 6 hours of an 8-hour workday, as well as the ability to frequently lift or carry objects weighing up to ten pounds. Plaintiff argues that a person who uses a hand-held assistive device cannot perform the exertional requirements of light work, and the ALJ therefore committed reversible error by failing to consider Plaintiff's use of a cane.

"The requirement to use a hand-held assistive device may . . . impact . . . [an] individual's functional capacity by virtue of the fact that one or both upper extremities are not available for such activities as lifting, carrying, pushing, and pulling." 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.00J4. Thus, an ALJ is required to consider the impact of "medically required" hand-held assistive devices. *Eason v. Astrue*, No. 2:07-CV-30-FL, 2008 WL 4108084, at *16 (E.D.N.C. Aug. 29, 2008); SSR 96-9, 1996 WL 374185, at *7 (July 2, 1996). A hand-held assistive device is "medically required" if "medical documentation establish[es] the need for a hand-held assistive

4

device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9p, 1996 WL 374185, at *7. Whether the need for a hand-held assistive device impacts functional capacity depends upon the particular circumstances of the case. For example, an individual who requires a hand-held assistive device in one hand for purposes of walking may be able to use the other hand to perform requirements of many occupations. *Id.* "On the other hand, the occupational base for an individual who must use such a device for balance because of significant involvement of both lower extremities . . . may be significantly eroded." *Id.*

In this case, the evidence does not establish that Plaintiff's mobility is so affected by her impairments that use of a cane or other assistive device is required at all times. Although Plaintiff testified that she had been prescribed a cane by Dr. El-Khoury[2] and that she had purchased the cane approximately two years before her hearing (Tr. 57-58), the record is devoid of any evidence documenting Plaintiff's need for a cane or describing the purposes for which a cane is needed. Even Plaintiff's testimony does not establish the frequency of her use of a cane or the circumstances for which she uses the cane. At the administrative hearing, the ALJ acknowledged that Plaintiff "walked in with a cane today," but Plaintiff did not elaborate whether she uses the cane for all ambulation, only prolonged ambulation, walking on uneven surfaces or ascending and descending stairs or slopes. Furthermore, Plaintiff did not indicate whether she also uses the cane to balance while standing. Absent evidence documenting the medical necessity of a cane, the ALJ was not required to consider the impact of Plaintiff's use of a hand-held assistive device. *See Eason*, No. 2:07-CV-30-FL, 2008 WL 4108084, at *16.

---

[2] The transcript of the administrative hearing reflects that "Dr. Corey [phonetic] in Orlando" prescribed the cane. (Tr. 57.) Based on the record, it appears to the undersigned that Plaintiff was, in fact, referring to Dr. El-Khoury, who practices in Aulander, North Carolina.

5

The ALJ's decision is supported by substantial evidence in the record. The medical evidence in this case indicates grossly intact neurological testing, including motor and sensory testing, a normal gait and normal range of motion in Plaintiff's spine, with normal muscle strength testing with only a slight decrease in deep tendon reflexes on repeat examinations. A lumbar spine MRI taken in April 2010, shows only mild degenerative disc and facet changes with mild lateral recess stenosis, mild disc bulging at one level and mild facet arthrosis at another level. (Tr. 433.) Shortly before her administrative hearing, Plaintiff reported significant improvement in her back pain as a result of medication (Tr. 462) and Plaintiff's daily activities are consistent with the ability to perform light work.

The ALJ's RFC assessment is supported by substantial evidence and based upon a proper application of law. Accordingly, the Commissioner's decision denying Plaintiff's application for benefits should be affirmed.

## **CONCLUSION**

For the reasons stated above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings [DE-23] be DENIED, Defendant's Motion for Judgment on the Pleadings [DE-25] be GRANTED, and the Commissioner's final decision be AFFIRMED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 28th day of April 2014.

                                            _____
                                            KIMBERLY A. SWANK
                                            United States Magistrate Judge

7

Case 2:13-cv-00028-D   Document 28   Filed 04/28/14   Page 7 of 7